**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Colin La Salle,<br><br>Petitioner,<br><br>v.<br><br>Dominick Johnathan Adams,<br><br>Respondent. | No. CV-19-04976-PHX-DWL<br><br>**ORDER** |

Kimberly Colin La Salle ("Mother") and Dominick Johnathan Adams ("Father") are the parents of two minor children, E.N.A. and M.E.Y.A. (collectively, "the Children"). On August 19, 2019, Mother filed an amended verified petition under the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.*, which implements the provisions of the Hague Convention on the Civil Aspects of International Child Abduction. (Doc. 6.)

In a nutshell, the petition contains the following allegations. Mother, a Canadian citizen, and Father, a United States citizen, "lived together as husband and wife in Alberta, Canada from April 2011 until their divorce in October of 2018." (*Id.* ¶¶ 12, 13, 20.) The Children were born in Canada in 2012 and 2013, respectively, and "have lived in Alberta, Canada from the times of their respective births." (*Id.* ¶¶ 9, 27.) Following the divorce in October 2018, a Canadian court issued a custody order that "grant[ed] joint custody of the Children"—specifically, "[t]he Children are to reside primarily with the [Father], and stay with the [Mother] every other weekend during the school year, and every other week during

the summer." (*Id.* ¶¶ 21-23.) However, in February 2019, Father "pulled the Children out of school, moved out of his home in Alberta, Canada, and removed the Children to Sun City, Arizona," where they remain to this day. (*Id.* ¶ 28.) Mother has engaged in some email correspondence with Father since the move, but he has "failed to provide . . . a firm date of return for the Children" and "denied [Mother] her rights to access and communication with the Children as required under the Custody Order." (*Id.* ¶¶ 29-45.)

The petition seeks, among other things, an order "establishing that the Children shall be returned to Alberta, Canada where an appropriate custody determination can be made by a Canadian court under Canadian law." (*Id.* at 9.) Additionally, Mother has filed an amended application to proceed *in forma pauperis* (Doc. 7) and an *ex parte* motion requesting (1) an expedited hearing, (2) an order compelling Father not to remove the Children from the District of Arizona pending resolution of this dispute, (3) an order compelling Father to "[s]urrender the Children's passports to the Court," and (4) an order requiring the United States Marshals Service ("USMS") to serve the petition on Father (Doc. 9).

The Court rules on Mother's requests as follows. First, Mother's amended application to proceed *in forma pauperis* (Doc. 7) will be granted.[1]

Second, because Mother has been granted leave to proceed *in forma pauperis*, she's also entitled to have the USMS effectuate service of the petition upon Father. *See* Fed. R. Civ. P. 4(c)(3). Mother's *ex parte* motion includes a request for USMS service (Doc. 9 at 2), so that request will be granted.

Third, to the extent Mother's *ex parte* motion asks the Court to set an expedited hearing, that request will be denied without prejudice. To be clear, the Court intends to give this matter expedited consideration. *See generally Lops v. Lops*, 140 F.3d 927, 944 (11th Cir. 1998) ("Article 11 of the Hague Convention contemplates an immediate

---

[1] The original version of Mother's application to proceed *in forma pauperis* identified the Children by name (instead of by their initials). (Doc. 2.) Accordingly, on August 16, 2019, the Court issued an order granting the original application but also sealing it and ordering Mother to file a redacted version. (Doc. 5.) Given this backdrop, it's unclear whether it's necessary to formally "grant" Mother's amended application. Nevertheless, in an abundance of caution, the Court will do so.

emergency hearing in international child abduction cases and a judicial decision within six weeks."); *Martinez-Castaneda v. Haley*, 2013 WL 12106712, *4 (W.D. Tex. 2013) ("The treaty contemplates that a case for the return of a child will be decided expeditiously. After a period of six weeks has passed from the time of filing of the case, the State Department may inquire of the court handling the case to provide reasons for the delay in disposing of the case."). However, before setting a discovery, briefing, and hearing schedule, Mother must demonstrate that Father is aware of the proceedings. *See* 22 U.S.C. § 9003(c) ("Notice of an [ICARA action] shall be given in accordance with the applicable law governing notice in interstate child custody proceedings."); 28 U.S.C. § 1738A(e) ("Before a child custody or visitation determination is made, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated and any person who has physical custody of a child."). Thus, the case can't proceed until the USMS is able to effectuate service upon Father. *Cf. Ebanks v. Ebanks*, 2007 WL 2591196, *3 (S.D.N.Y. 2007) ("ICARA . . . provides the method for service in Hague Convention proceedings: 'in accordance with the applicable law governing notice in interstate child custody proceedings.' Therefore, Petitioner needed to serve his petition papers upon Respondent in accordance with [state] law.") (citation omitted). Once Father is properly served, the Court will hold a status conference to solicit the parties' input on how to proceed.

Fourth, to the extent Mother's *ex parte* motion asks the Court to issue an order compelling Father to surrender the Children's passports and to keep the Children in Arizona until these proceedings are completed, that request—which the Court construes as a request for a temporary restraining order ("TRO")—also will be denied without prejudice. A request for a TRO is analyzed under the same standards as a request for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation

and emphasis omitted); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (citation omitted). Under this "serious questions" variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Here, Mother hasn't shown a likelihood of irreparable harm in the absence of a TRO. Specifically, Mother hasn't presented any specific evidence suggesting that Father is likely to flee from Arizona, taking the Children with him, in the absence of a TRO. Such a showing is usually necessary to obtain a TRO in an ICARA matter. *See, e.g., Morgan v. Morgan*, 289 F. Supp. 2d 1067, 1070 (N.D. Iowa 2003) (granting TRO where father presented evidence that "it is the intention of [mother] to take the child out of Iowa in the very near future; and that if a temporary restraining order is not issued *ex parte*, [mother] will likely flee this jurisdiction with the child upon receiving notice of [father's] intent to seek a temporary restraining order preventing them from doing so"); *Application of McCullough on Behalf of McCullough*, 4 F. Supp. 2d 411, 413 (W.D. Pa. 1998) (granting TRO application where Canadian father presented evidence that mother had recently stated, during a phone call, "that the 'end time' was near and that she and their children would not be returning to Canada. [Father] understood the reference to the 'end time' as a statement which related to his wife's religious beliefs . . . that [her] sect . . . must be ready to flee to Petra, Jordan if and when the church's leader directs. Apparently, adherents

believe that only by escaping to Petra will God save them from an apocalyptic event."). Additionally, even if the Court were to grant the injunctive relief sought by Mother, it's unclear the injunction would have any practical effect because Father isn't currently aware of these proceedings and TROs ordinarily must expire within 14 days of issuance. *See* Fed. R. Civ. P. 65(b)(2).

Accordingly, **IT IS ORDERED** that:

(1) Mother's amended application to proceed *in forma pauperis* (Doc. 7) is **granted** to the extent it is not moot;

(2) Mother's *ex parte* motion (Doc. 9) is **granted in part and denied in part**. Specifically, Mother's request for USMS assistance in serving the petition on Father is granted, but Mother's requests for an expedited hearing, for an order compelling the Children to remain in Arizona pending resolution of this dispute, and for an order compelling Father to surrender the Children's passports are denied without prejudice;

(3) The Clerk of Court shall prepare the service packet, which includes the summons appearing at Document 11. The Clerk of Court is directed to deliver the packet to the USMS for service. Service shall be at government expense on Father by the USMS or an authorized representative. The USMS is instructed to personally serve upon Father, at the address listed on the summons, the amended petition and all attachments thereto (Doc. 6) and this Order.

(4) Mother shall file a "Request for Status Conference" once the docket reflects that Father has been served by the USMS.

Dated this 20th day of August, 2019.

_____
Dominic W. Lanza
United States District Judge