**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Colin La Salle, | No. CV-19-04976-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Dominick Johnathan Adams, | |
| Respondent. | |

Pending before the Court is an ex parte[1] request from pro se Respondent, received via email to the Court's chambers email address, which reads in full:

> I was wondering if my older brother would be able to sit next to me when I appear in court as he is helping me with the paperwork note taking and anyting [sic] he can as I'm appearing pro se. However if that's not acceptable then I was going to see about setting up the telephonic appearance. If it is simpler and easier to do the telephonic then I would be more than willing to do it.

Respondent may not be aware that ex parte communication between a party and the Court is forbidden, except in a few limited circumstances. Rule 2.9 of the Model Code of Judicial Conduct provides that "[a] judge shall not initiate, permit, or consider ex parte communications" unless one of three exceptions apply. Model Code of Judicial Conduct R. 2.9(A). Two of those exceptions don't apply in this case—when the parties have consented to ex parte judicial conferences to facilitate settlement, *id.* R. 2.9(A)(4), and

---
[1] "Ex parte" means "[d]one or made at the instance and for the benefit of one party only, and without notice to, or argument by, any person adversely interested; of or relating to court action taken by one party without notice to the other . . . ." Black's Law Dictionary 616 (8th ed. 2004).

when a law expressly authorizes ex parte communication, *id.* R. 2.9(A)(5). The third exception is as follows:

> When circumstances require it, ex parte communication for scheduling, administrative, or emergency purposes, which does not address substantive matters, is permitted, provided the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication and the judge makes provision promptly to notify all other parties of the substance of the ex parte communication, and gives the parties an opportunity to respond.

*Id.* R. 2.9(A)(1).

This third exception is quite narrow, and Respondent's request—for his brother to sit at the counsel's table to assist him during hearings—should have been formally filed on the docket as a motion. Rule 7.2 of the Local Rules of Civil Procedure ("LRCiv") provides guidance regarding motions. Respondent has advised the Court that he is attempting to obtain counsel (Doc. 14), but in the meantime, Respondent must familiarize himself with the federal and local rules and abide by them. The Court sympathizes with the difficulties of proceeding pro se, but nevertheless, pro se litigants are held to the same standard as attorneys regarding adherence to rules. *See, e.g.*, *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986).

The Court will construe the email as a motion, which is memorialized on the docket within the body of this order.

Although Respondent has the right to represent himself as a pro se litigant (and indeed must do so unless and until he is able to obtain counsel), laypersons (non-lawyers) cannot provide a pro se litigant with legal assistance. *Cf. Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities."). As such, the motion will be denied.

Respondent has not yet applied to receive notices of electronic filings, and therefore the Court will email this order to Respondent for the sake of expediency, as a hearing in this matter is set for tomorrow morning. Respondent is referred to the Electronic Case Filing Administrative Policies and Procedures Manual

(http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf) and is encouraged to apply for electronic noticing.

Accordingly,

**IT IS ORDERED** construing Respondent's October 1, 2019 email to the undersigned judge's chambers email address as a motion and denying that motion.

**IT IS FURTHER ORDERED** that Respondent may appear telephonically at the October 2, 2019 Status Hearing, if he wishes, by calling (866) 390-1828 (toll free number); Access code: 9667260, five minutes prior to the scheduled hearing. Respondent is advised that cell phones and speaker phones are not permitted. Moreover, Respondent is reminded that whether in the courtroom or at home, he may not seek legal assistance during the hearing from a non-lawyer.

Dated this 1st day of October, 2019.

_____
Dominic W. Lanza
United States District Judge